# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MARIE WEHUNT FRAZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-001066-JEO |
| ) | |
| NANCY BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Marie Wehunt Frazier brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her Disability Insurance Benefits ("DIB"). (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. *See* 28 U.S.C. § 636(c), FED. R. CIV. P. 73(a). (Doc. 13). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be affirmed.

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for DIB on March 12, 2015, alleging disability beginning August 1, 2014. It was initially denied by an administrative law judge ("ALJ"). (R. 23-31).[2] Plaintiff filed a request for review of the ALJ's decision. The Appeals Council ("AC") denied Plaintiff's request for review. (*Id*. at 1-3). The matter is properly before this court.

## II. FACTS

Plaintiff was 57 years old at the time of the ALJ's decision. (*Id*. at 31, 138). She has past work experience as an office manager/secretary. (*Id*. at 177, 194). She alleges in her initial disability report that she cannot work due to sleep apnea, pain in her foot, thyroid issues, a bone spur in her neck, pain in her left arm, mental conditions and asthma/lung problems. (*Id*. 185).

Following Plaintiff's administrative hearing, the ALJ found that she had the medically determinable severe impairments of degenerative disc disease, degenerative joint disease, and fibromyalgia. (*Id*. at 25-26). He also found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. (*Id*. at 27). He further found that

---

[2]References herein to "R. __" are to the administrative record found at documents 9-1 through 9-13 in the court's record. The page number references are to the page numbers in the lower right-hand corner of each page in the record.

Plaintiff had the residual functional capacity ("RFC") to perform light work with various limitations. (*Id*. at 28-30). He determined that Plaintiff could perform her past relevant work as an office manager and the duties of an administrative assistant, but not an administrative clerk. (*Id*. at 30-31). The ALJ concluded that Plaintiff was not disabled. (R.31).

### III. STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of the court is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Mitchell v. Comm'r Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2015); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

The court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no

presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). The court must affirm the ALJ's decision if substantial evidence supports it, even if other evidence preponderates against the Commissioner's findings. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990)).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for benefits a claimant must show the inability to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Determination of disability under the Social Security Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a). Specifically, the Commissioner must determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity [(RFC)]; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014).[3] The plaintiff bears the burden of proving that he was disabled within the meaning of the Social Security Act. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also* 20 C.F.R. §§ 404.1512(a), 404.704. The applicable "regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Id*.

## V. DISCUSSION

Plaintiff asserts three claims of error: (1) the ALJ failed to conduct a proper analysis of her fibromyalgia; (2) the finding that she can perform her past work is not supported by substantial evidence and is not in accordance with applicable

---

[3]Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

legal standards; and (3) the ALJ failed to give proper weight to her excellent work history. (Doc. 12 at 1). Each will be addressed below.

### A. Assessment of Plaintiff's Fibromyalgia

Plaintiff initially alleges in conclusory fashion that the ALJ failed to conduct a proper analysis of her fibromyalgia under SSR 12-2p, which is used for the evaluation of fibromyalgia. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012).[4] (Doc. 12 at 12-28; Doc. 15 at 1-4). The Commissioner responds that substantial evidence supports the ALJ's evaluation of Plaintiff's condition. (Doc. 14 at 5).

SSR 12-2p provides guidance in determining whether an individual with fibromyalgia is disabled. The Introduction to the Ruling provides:

> When a person seeks disability benefits due in whole or in part to FM [(fibromyalgia)], we must properly consider the person's symptoms when we decide whether the person has an M[edically] D[eterminable] I[mpairment] of FM. As with any claim for disability benefits, before we find that a person with an MDI of FM is disabled, we must ensure there is sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity.

SSR 12-2p, 2012 WL 3104869 at *2. In evaluating such a claim, Social Security

---

[4] This Ruling "provides guidance on how we develop evidence to establish that a person has a medically determinable impairment (MDI) of fibromyalgia (FM), and how we evaluate FM in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act (Act)." 2012 WL 3104869 at *1.

6

will consider evidence from the usual places (*e.g.*, an acceptable medical source, a complainant) in determining the issue pursuant to the sequential evaluation process noted previously herein. *Id*. at **2-6.

Here, the ALJ found that Plaintiff's fibromyalgia was a severe impairment and that it did not equal any listed impairment. In assessing Plaintiff's RFC, the ALJ noted that while Plaintiff's medical records from Dr. Thomas Traylor,[5] Plaintiff's rheumatologist, dating back to April 2015, show treatment for the condition, Dr. Traylor placed no restrictions on Plaintiff's functioning. (R. 29 (citing R. 363-415, 560-71)). The ALJ also found that Dr. Traylor's notes reflected in October 2016 that Plaintiff was doing well on her medications. (R. 29 (citing R. 364)). Finally, the ALJ found that in April 2017, Dr. Traylor noted that Plaintiff should continue on her dietary restrictions and her established physical rehabilitation routine. (R. 29 (citing R. 564)). She was to return for follow-up in 20-22 weeks. (R. 564).

Additionally, the court notes that Plaintiff's other clinical examinations did not indicate that Plaintiff's fibromyalgia caused significant joint swelling or synovitis, or that she consistently had tender trigger points. Specifically, multiple

---

[5] Dr. Traylor is referenced in various places as Dr. Traylor and Dr. Trailer. Traylor is the correct spelling. (*See* R. 363).

physical examinations from Birmingham Internal Medicine Associates during 2014 and 2015 show no tenderness in Plaintiff's abdomen or musculoskeletal systems and not synovitis or tender trigger points. (R. 434, 440, 479, 492, 519). Finally, Plaintiff's most recent physical examination in the record dated June 2017, which was necessitated by complaints of dizziness and hearing loss, fails to note any tenderness in Plaintiff's neck region, any joint swelling, or any other trigger points. (R. 693-95). *See Harrison v. Comm'r of Soc. Sec.*, 569 F. App'x 874, 877 (11th Cir. 2014) (noting examinations of claimant with fibromyalgia "were consistently unremarkable" without "the paradigmatic symptoms frequently associated with the most severe cases of fibromyalgia, such as joint swelling, synovitis, or tender trigger points").

The court finds premised on the foregoing medical records that the ALJ properly considered all the evidence in this case regarding Plaintiff's fibromyalgia. To the extent that Plaintiff cites to multiple diagnoses of fibromyalgia in her medical records, those alone does not establish work-related limitations impacting her RFC determination. *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (stating that "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her

ability to work") (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). To the extent that Plaintiff argues that the ALJ did not reference, SSR 12-2p, that is harmless. *See Steele v. Soc. Sec. Admin., Comm'r*, No.: 5:14-cv-01038-SGC, 2015 WL 5517283, at *3-4 (N.D. Ala. Sept. 18, 2015) (holding ALJ was not required to reference SSR 12-2p and properly considered whether claimant's impairments, including fibromyalgia, medically equaled a listed impairment).

In sum, the court finds that Plaintiff has failed to show that her fibromyalgia or her condition in general limited her ability to work or required additional limitations not found in her RFC. *See generally Laurey v.Comm'r of Soc. Sec.*, 632 F. App'x 978, 988 (11th Cir. 2015) (stating "[t]he mere fact that the ALJ determined that [Plaintiff's] fibromyalgia was a 'severe impairment,' however, does not mean that the ALJ was required to attribute severe pain to her fibromyalgia"). This claim, therefore, is without merit.

### B. Substantial Evidence

Plaintiff next asserts that substantial evidence does not support the ALJ's determination that she could perform her past relevant work. (Doc. 12 at 18-24; Doc. 15 at 4-9). Specifically, Plaintiff asserts the ALJ failed to consider all of the duties in her past work and her ability to perform those duties in light of her impairment. (Doc. 12 at 18; Doc. 15 at 4).

Chief United States District Judge Karon Bowdre recently set for the standard for reviewing claims such as this. She stated:

> The claimant bears the burden of demonstrating an inability to perform her past relevant work. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). However, the ALJ has an obligation to develop a full and fair record. *Id*. "Where there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, ... [the ALJ] cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work." *Id*. The record must contain detailed information about strength, endurance, manipulative ability, mental demands and other job requirements. SSR 82-62, 1982 WL 31386 at *3; *See also Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (noting that to support a conclusion that the claimant can return to his or her past work, "the ALJ must consider all the duties of that work and evaluate [his or] her ability to perform them in spite of [the claimant's] impairments"). Statements by the claimant regarding her past work are generally sufficient. *Id*. Finally, in making this determination, the ALJ may use the testimony of a vocational expert. *Hanes v. Comm'r Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005).
>
> ….
>
> An ALJ may rely on the testimony of a vocational expert to establish that the claimant has the ability to adjust to other work in the national economy. *Ritcher v. Comm'r of Soc. Sec.*, 379 F. App'x 959, 960 (11th Cir. 2010). When relying on such testimony, the ALJ must pose hypothetical questions to the vocational expert that encompass all of the claimant's impairments. *Id*. If the ALJ presents the vocational expert with an inadequate hypothetical, the vocational expert's testimony will not constitute substantial evidence. *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). While not every symptom need be found in the ALJ's hypothetical, all of the claimant's impairments must be included for the vocational expert's

> testimony to constitute substantial evidence. *Ritcher*, 379 F. App'x at 960. Hypotheticals that "implicitly account" for the claimant's limitations are sufficient. *Winschel*, 631 F.3d at 1181.

*Chandler v. Berryhill*, 2019 WL 1316089, *3 (N.D. Ala. Mar. 22, 2019) (C.J. Bowdre). The Eleventh Circuit has remanded for further inquiry, for instance, where the record contained "no evidence concerning whether [the claimant] used equipment, the size and weight of items she was required to use, whether she scrubbed floors or merely dusted, or whether she was required to move furniture" in her past work. *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986).

Here, the record contains evidence regarding the demands of Frazier's past work as an office manager. Frazier completed various "Work History Report[s]" as part of her application for disability benefits. (R. 177-87, 194-201). For each of her former jobs, the forms instructed her to answer a series of questions, including, but not limited to the following: (1) "Describe this job. What did you do all day?"; (2) "In this job, how many total hours each day did you: Walk? Stand? Sit? Climb? Stoop? (Bend down and forward at waist) Kneel? (Bend legs to rest on knees) Crouch? (Bend legs & back down & forward) Crawl? (Move on hands & knees) Handle, grab or grasp big objects? Reach? "Write, type of handle small objects?"; and (3) "Explain what you lifted, how far you carried it, and how often you did this." (*Id.*). The forms also asked Frazier to indicate for each job the

"heaviest weight lifted," as well as the weight most "frequently lifted . . . from 1/3 to 2/3 of the workday." (*Id*.).

With regard to the office manager position, Frazier answered the questions indicating, for instance, that she did book keeping and payroll, handled construction contracts, answered phones, accepted rental payments, and did filing. (*Id*. at 178, 187). She also reported that during her work day, she walked about 1 hour, stood for 1 hour, and sat for 5 or 6 hours each day. (*Id*.). She would climb about 30 minutes a day. (*Id*. at 195). She wrote, typed, and handled small objects regularly, but did not stoop, kneel, crouch, crawl or handle, grab or grasp big objects. (*Id*.). The heaviest weight she lifted, including frequently lifted, was less than 10 pounds. (*Id*.).

At the hearing, the ALJ questioned Frazier about her past work. (R. 40-41). Frazier testified that she did "[a] little bit of everything." (R. 41). She was responsible for correspondence, notes, any paperwork and meetings where she needed to be the representative of the department she worked in. (*Id*.). Additionally, the ALJ asked the vocational expert ("VE") if he was able to characterize Plaintiff's job history for the last fifteen years. The VE said he could. He noted that her last job was as an officer manager at a construction company. (R. 56-57). He further noted that she also had administrative experience working

with the president of realty company. (*Id*. at 57). While the VE did not explicitly describe the tasks she performed, he classified her management and her administrative assistant or clerk to the president positions as being skilled and sedentary. (*Id*.). He also classified her other administrative experience as being at semi-skilled with a light physical demand level. He also directed the ALJ to the listing for the job in the Department of Labor's Dictionary of Occupational Titles ("DOT") for the various jobs. (*Id*.). *See* 20 C.F.R. § 416.960(b)(2) (stating that an ALJ may consult a "vocational expert" and the "Dictionary of Occupational Titles" at Step Four).[6] Thereafter, the ALJ posed various hypotheticals to the VE premised on the evidence. (R. 57-61).

Recently, in a case similar to the one at issue, the Eleventh Circuit concluded that "[t]he Work History Report, testimony of [claimant] and the vocational expert, and the DOT combine to paint a full picture of [claimant]'s past relevant work ... " and found that such evidence sufficient to compare the claimant's current abilities to the demands of her previous employment. *Holder v. Social Security Admin*., 2019 WL 1934187, at * 4 (11th Cir. May 1, 2019). The ALJ here had similar information before him in making the determination that Frazier could return to her

---

[6] The DOT contains detailed descriptions of the duties and physical requirements associated with each occupation, as generally performed in the economy.

past work. Plaintiff has failed to show that she is unable to perform her past relevant work. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (stating that "[i]f the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work"). The court, therefore, finds that this determination is supported by substantial evidence and Plaintiff is not entitled to any relief.[7]

C. **Plaintiff's Work History**

Plaintiff next contends that the ALJ failed to give proper weight to her excellent work history. (Doc. 12 at 24). In support of this claim, she states that her good work history entitles her to substantial credibility on her claim of disabling limitations. (*Id.*). The Commissioner responds that "the issue is not whether substantial evidence might have supported Plaintiff's subjective complaints or even whether the evidence predominates against the ALJ's decision; rather, the issue is whether substantial evidence supports the ALJ's findings. (Doc. 14 at 13 (citing

---

[7]Alternatively, the court finds that any purported failure by the ALJ to specifically address Plaintiff's relevant work history in his opinion is harmless and not a cause for reversal or remand for the reasons stated above. There was plenty of evidence in the record regarding her past work history and the demands of the jobs. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (holding that the complained-of error was harmless because it did not have an impact on the step being challenged); *Reeves v. Heckler*, 734 F.2d 519, 524 (11th Cir.1984) (rejecting a challenge to an ALJ's conclusion as harmless error when the ALJ had considered the relevant evidence in making the disability determination); *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) ("To the extent that an administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination.").

*Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011); *Dyer*, 395 F.3d at 1210; *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004))). The court agrees.

This claim is without merit for at least two reasons. First, as already discussed, the record provides substantial evidence to support the ALJ's evaluation of Plaintiff's fibromyalgia, and his determination that her allegations of disabling limitations were not entirely credible. Second, while a claimant's work history is a consideration in evaluating credibility,

> "the Eleventh Circuit has not had occasion to rule on the issue" of whether an ALJ's failure to consider a claimant's "lengthy and consistent work record" in evaluating a claimant's credibility is erroneous. *Mahon v. Comm'r of Soc. Sec.*, 2017 WL 3381714, at *10 (M.D. Fla. Aug. 7, 2017). Moreover, the circuit has upheld an ALJ's credibility determination that is supported by substantial evidence even when a plaintiff has a good work history. *See Edwards* [*v. Sullivan*], 937 F.2d [580,] 584 [(11th Cir. 19910]. In other words, excellent work history alone may be insufficient to enhance a claimant's credibility."

*Dudley v. Berryhill*, 2019 WL 1281194, *7 (N.D. Ala. Mar. 20, 2019). Here, the ALJ did consider Plaintiff's work history in assessing her case. (*See* R. 30-31). He found that Plaintiff could perform her past relevant work as an office manager and duties as an administrative assistant, but not the

duties associated with the administrative clerk responsibilities. This was contrary to Plaintiff's position throughout this process that she is disabled.

To the extent that the Commissioner also argues that it would serve no practical purpose to remand this matter to the ALJ (*see* Doc. 14 at 14), the court agrees. The ALJ fully considered Plaintiff's claims and the evidence, including her work history. Remanding this matter for further consideration on this issue serves not useful purpose. *See Iordan v. Comm'r, Soc. Sec. Admin.*, 579 F. App'x 775, 779 (11th Cir. 2014) (stating "[r]emand is unnecessary when it would amount to a waste of judicial resources in the face of an ample record").

## VI. CONCLUSION

For the reasons set forth above, the undersigned concludes that the decision of the Commissioner is due to be affirmed. An appropriate order will be entered separately.

**DONE,** this the 17th day of July, 2019.

*[signature: John E. Ott]*

_____
**JOHN E. OTT**
Chief United States Magistrate Judge